

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LM INSURANCE CORPORATION | ) | |
| | ) | Case No.: 08-CV-2372 |
| Plaintiff, | ) | |
| -vs- | ) | Judge John A. Nordberg |
| | ) | |
| ACEO, INC. and ALLIANCE INSURANCE | ) | Magistrate Judge Jeffery Cole |
| GROUP, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## PRELIMINARY PRETRIAL SCHEDULING ORDER

This cause, having come before the Court for a preliminary pretrial conference ("Conference") held pursuant to Fed.R.Civ.P. 16, 26; and

James T. Barnes, Esq.
Barnes, P.C.
431 South Dearborn Street
Suite 506
Chicago, IL 60605
(312) 939-5859

having appeared as counsel for Plaintiff LM Insurance Corporation ("LM"), and

John J. O'Connor, Esq.
Knell & Poulos, P.C.
901 West Jackson Blvd.
Suite 301
Chicago, IL 60607
(312) 277-3000

having appeared as counsel for Defendants ACEO, Inc. ("ACEO") and Alliance Insurance Group, Inc. ("Alliance"), the following action was taken:

    **1.**    Counsel reported on the preparatory conference held at least seven days prior to this Conference. The counsel also reported on the status of settlement discussions.

2.   The parties discussed the following subjects and agreed to the action hereinafter set forth:

(A) **Factual Basis for Jurisdiction:**

Jurisdiction is proper pursuant to 28 U.S.C. §1332(a). The parties are geographically diverse (Plaintiff is an Iowa corporation with its principal place of business in Massachusetts, and Defendants are Texas and Missouri corporations with their principal places of business in the State of Missouri). The amount in controversy is in excess of $75,000 (Plaintiff's prayer for relief is $3,922,061.00).

(B) **Simplification of Issues:**

With respect to Defendant ACEO, the issues in this case are: whether ACEO breached its insurance contract with Plaintiff LM by, amongst other matters, failing to pay premiums due, failing to comply with audit requirements, and obtaining separate workers' compensation insurance in the voluntary market, whether Defendant ACEO negligently misrepresented and omitted material facts regarding the risk being insured by Plaintiff LM, and whether Defendant ACEO breached its duty of good faith to its insurer Plaintiff LM.

With respect to Defendant Alliance, the issues in this case are: whether Defendant Alliance was professionally negligent in its duties as producer of record on the policy of insurance issued by Plaintiff LM, and whether Defendant Alliance negligently misrepresented and omitted material facts regarding the risk being insured by Plaintiff LM.

With regards to LM, whether it waived its claim that ACEO negligently misrepresented and omitted material facts in one or more ways including but not limited to reinstating said policy.

With regards to LM, whether it waived its claim that Alliance was professionally negligent in its duties as producer of the policy.

(C) **Amendments of Pleadings and Planned Motions:**

None are anticipated at this time. Pursuant to Paragraph 6, *infra*, the parties have until December 31, 2008 to amend the pleadings and join additional parties.

(D) **Admissions of fact and use of documents which will avoid unnecessary proof:**

The Defendants have admitted certain facts in their Answers to Plaintiff's Complaint. Other admissions of fact and/or documents which will avoid unnecessary proof are unknown at this time.

(E) **Limitation on the number of expert and other witnesses:**

Pursuant to the Standing Order of the Northern District of Illinois, the Plaintiff and Defendants shall be limited to one expert witness per subject matter area. No other witness limitations apply.

(F) **Limitation of Discovery:**

Plaintiff and Defendants shall each be limited to 50 interrogatories.

Plaintiff and Defendants shall each be limited to 10 depositions.

(G) **Such other matters as may aid in disposition of the action:**

Not applicable.

3. The parties agree that the principal uncontested facts and law were as follows:

Plaintiff LM issued workers' compensation insurance policy #WC5-39S-3058120-016 to Defendant ACEO. Defendant Alliance was the producer of record on said policy.

4. The parties agree that the principal contested issues of fact and law were as follows:

   A. Whether Defendant ACEO breached its insurance contract with Plaintiff LM by, amongst other matters, failing to pay premiums due, failing to comply with audit requirements, and obtaining separate workers' compensation insurance in the voluntary market.

   B. Whether Defendants ACEO and Alliance negligently misrepresented and omitted material facts regarding the insurance coverage being provided by Plaintiff LM to Defendant ACEO.

   C. Whether Defendants ACEO (as the insured) and Alliance (as the producer of record) breached the duties they owed to Plaintiff LM.

      D.    With regards to LM, whether it waived its claim that ACEO negligently misrepresented and omitted material facts in one or more ways including but not limited to reinstating said policy.

      E.    With regards to LM, whether it waived its claim that Alliance was professionally negligent in its duties as producer of the policy.

**5.**    The parties discussed and agreed to a general discovery plan and agreed to the final discovery cut-off date of ___August 1, 2009___. Estimated time of bench trial is ___five___ court days.

**6.**    The parties agreed upon a scheduling order which limits the time to join other parties and to amend the pleadings to ___December 31, 2008___, to file and hear dispositive motions to ___August 31, 2009___, and to designate trial expert witnesses to ___July 1, 2009___. A separate order of the Court must be entered granting leave to file an Amended Complaint.

**7.**    The Court told counsel that the trial may be bifurcated with the issue of liability decided before the issue of damages by the same jury, and other pretrial and trial procedures were discussed (and agreed to) by the parties (as follows):

**8.**    Counsel agreed to continue to discuss and explore the settlement of this entire dispute and to carry out the requirements of the Pretrial Procedure Order of Judge Nordberg.

**9.**    The parties do not agree that this case may be tried by the assigned Magistrate Judge.

**10.**    This scheduling order shall not be modified except by leave of Judge or Magistrate Judge for good cause shown.

WHEREUPON, IT IS HEREBY ORDERED as follows:

(a) Rule 26(a)(1) Disclosures shall be served by __October 15, 2008__; cut-off date for amendment of pleadings and joinder of additional parties is __December 31, 2008__; cut-off date for fact discovery is __June 1, 2009__; cut-off date for designation of trial expert witnesses is __July 1, 2009__; cut-off date for deposing expert witnesses is __August 1, 2009__; discovery cut-off date is __August 1, 2009__.

(b) Cut-off date to designate filing of dispositive motions is __August 31, 2009__;

(c) Final status report hearing is 2:30 p.m. on __open__ [generally this date is set in open court by judge];

(d) The Final Pretrial Conference shall be held at ____ p.m. on __Open__ with the completed Final Pretrial Order (previously sent to you) filed with the Court sufficiently in advance of the Final Conference to allow the Court two full days for review; Status Conf 12/10/08 2:30 PM

(e) Upon the completion and entry of the Final Pretrial Order, this case will be given a trial date on the civil trial calendar of the Court [generally final pretrial conference date and trial date are left open until ruling on all dispositive motions have been made and all remedies to resolve this case have been exhausted].

ENTER:

*[signature]*
JOHN A. NORDBERG
United States District Judge

Dated: 10/1/08

5

**APPROVED AS TO FORM AND SUBSTANCE:**

_____
Counsel for Plaintiff

James T. Barnes, Esq.
Barnes, P.C.
431 South Dearborn Street
Suite 506
Chicago, IL 60605
(312) 939-5859

_____
Counsel for Defendants

John J. O'Connor, Esq.
Knell & Poulos, P.C.
901 West Jackson Blvd.
Suite 301
Chicago, IL 60607
(312) 277-3000