IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LM INSURANCE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 2372 |
| | ) | |
| v. | ) | |
| | ) | |
| ACEO, INC., *et al.*, | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, LM Insurance Co. ("LM"), is suing the defendant, ACEO, Inc. ("ACEO"), and others, over what LM calls misrepresentations ACEO made in its application for insurance. The policy in question covered workers' compensation claims, and to determine the risk involved – and the corresponding premium – LM had to ascertain ACEO's full payroll exposure. But, LM claims that ACEO misrepresented what type of business it was (saying it was a temporary staffing company rather than an employee leasing company), what its total payroll exposure was, what companies it was affiliated with, and whether there were any outstanding workers' compensation claims. As a result of these alleged misrepresentations, LM claims the premium was significantly underestimated. Moreover, because one of ACEO's affiliated companies had an outstanding premium deby, ACEO wasn't even eligible for coverage.

The present quarrel is over discovery, specifically the answers to LM's Interrogatories Nos. 1-7. One of LM's other claims in this litigation is an "alter ego" claim, in which it alleges that ACEO and several other defendants are alter egos of one another. That claim is currently the subject

of a motion to dismiss by the other defendants, and they have been excused from answering discovery while it is pending. As between ACEO and LM, ACEO:

> need not answer the outstanding interrogatories which relate solely to the issue of alter ego since, if the Rule 12(b)(6) motions of the co-defendants are granted, the alter ego issues would not be relevant and ACEO would have been put to needless burden and expense in responding to alter ego related interrogatories. Of course, if [LM] can demonstrate that the alter ego interrogatories have relevance to some issue that is part of a claim or defense, then of course inquiry would be proper under rule 26.

[Dkt. # 134]. In its motion to compel, LM sets out to do just that, addressing all but Interrogatory No. 3.

Interrogatory No. 1 asks what involvement individual defendants David Jatho and Roy Hombs – ACEO's principals – have or had with each of two dozen commonly-owed companies, including ACEO, and what other companies they are involved in. In Interrogatory No. 2, LM wants to know all the assets that were transferred amongst the commonly-owned companies and whether any of those companies shared bank accounts. LM seeks several pieces of information about each commonly-owned company in Interrogatory No. 4, including dates of incorporation, types of business, owners, directors, officers, past and present employees of ACEO who have ever worked at any of the companies, and when they were actively in business.

Interrogatory No. 5 asks whether any of the commonly-owned companies were an employee-leasing company or professional employer organization, or a temporary staffing company, and who their clients were. LM asks whether ACEO had staffing vendor agreements with any of the commonly owned companies and the purpose of any such agreement in Interrogatory No. 6. Finally, LM seeks the names of all of ACEO's clients who were professional employer organization or

temporary staffing clients of any of the other commonly-owned companies and facts related to any movement of those clients between ACEO and the other commonly-owned companies.

The Federal Rules of Civil Procedure allow for broad discovery. In part, that's a product of notice pleading, "for discovery itself is designed to help define and clarify the issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). It makes "extensive intrusion into the affairs of both litigants and third parties" . . . " both permissible and common . . . ." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 30 (1984). Under Rule 26, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1).

There's no question that the interrogatories at issue here are relevant to LM's claim. The gist of its lawsuit is that ACEO lied on its insurance application regarding its payroll and workers' compensation exposure. The more affiliated companies and employees, the more exposure. The more exposure, the higher the premium ought to have been. *See, e.g., LM Insurance. Corp. v. Paycenter, Inc.*, 2008 WL 4671708, *4 (N.D.Ill. 2008); *Liberty Mut. Insurance. Co. v. Decking and Steel, Inc.*, 301 F.Supp.2d 830, 834-35 (N.D.Ill. 2004). According to LM, ACEO's application represented its payroll exposure as rather small – $67,000. As a result, the estimated premium was $2,838. (*Second Amended Complaint*, ¶ 37). Yet, it would seem that perhaps ACEO's actually payroll was between $29 and $35 million. (*Second Amended Complaint*, ¶¶ 29, 37). That would put the premium it ought to have been paying in the neighborhood of $4 million. Those are two very different neighborhoods. The interrogatories at issue all seek information about how far-reaching ACEO's holdings – and attendant exposure – were. Some of those affiliated companies may have had outstanding premium debts, meaning that ACEO would have been ineligible for

coverage. (*Second Amended Complaint*, ¶¶ 62, 82, 151, 186). As such, the information sought is relevant to one or more of LM's claims, even if its alter ego claim is disregarded.

Significantly, ACEO does not argue otherwise. All ACEO does in its response to LM's motion to compel is argue that the interrogatories are relevant to LM's alter ego claim. "The general rule in the Seventh Circuit is that a party's failure to respond to an opposing party's argument implies concession." *MCI WorldCom Network Services, Inc. v. Atlas Excavating, Inc.*, 2006 WL 3542332 at * 3 (N.D.Ill. 2006)(Moran, J.). *See also Milam v. Dominick's Finer Foods, Inc.*, 567 F.3d 830 (7th Cir. 2009)(Easterbrook, C.J.)(in chambers)(taking failure to respond to his earlier opinion as an acknowledgment that it was correct). *Compare Law v. Medco Research, Inc.*, 113 F.3d 781, 787 (7th Cir. 1997)(Posner, C.J.)("Failure to contest a point is not necessarily a waiver, but it is a risky tactic, and sometimes fatal. [citations omitted]." In any event, the question is not whether the interrogatories are relevant to LM's alter ego claim, but whether they are relevant to LM's *other* claims. They may well be relevant to both, as the order of December 1, 2009 suggested. [Dkt. # 134]. ACEO has tacitly conceded that the interrogatories at issue are relevant to claims beyond just LM's alter ego claim.

Interrogatory No. 3 stands on a different footing. It asks about asset transfers between the commonly-owned companies. This request appears to be solely related to LM's alter ego claim. Moreover, LM does not argue that it is relevant at all to its other claims, offering no explanation as to how it relates to any charges other than its alter ego claim. Thus, ACEO need not respond to it.

It should also be noted that, in its first set of interrogatories, LM asked for a list of all businesses with which the individual defendant Hombs and Jatho have been involved. (*Plaintiff's Reply*, at 3). The defendants responded to that, providing documents identifying certain commonly-

4

owned companies. And that was before LM added an alter ego claim. If that type of interrogatory was relevant then, it is relevant now. **CONCLUSION**

For the foregoing reasons, the plaintiff's motion to compel answers to interrogatories [#135] is GRANTED in part and DENIED in part. Interrogatories Nos. 1-2, and 4-7, are relevant and ACEO must respond to them.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 3/11/10