IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LM INSURANCE CORPORATION, | ) |
| Plaintiff, | ) No. 08 C 2372 |
| v. | ) Judge Nordberg |
| ACEO, INC., et al., | ) Magistrate Judge Cole |
| Defendants | ) |

## MEMORANDUM OPINION AND ORDER

On 2/9/10, I entered the following minute order:

"Counsel for ACEO, Inc. has informed the court that a bankruptcy petition has been filed on behalf of ACEO and consequently, there is in place an automatic stay as to ACEO. Plaintiff's oral motion to vacate the current discovery date in light of the pending bankruptcy filing and the pending motion before Judge Nordberg is granted. Plaintiff's agreed petition for fees 152 is granted solely as to defendant, Alliance, and not as to ACEO in light of the bankruptcy filing. Status hearing set for 4/9/2010 at 09:30 a.m. and counsel for the defendants, other than ACEO, Inc., must appear." [158]

On 3/11/10, I granted the plaintiff's motion to compel answers to certain interrogatories. The motion was directed to Alliance and ACEO. [135]. The minute order concluded by saying that the interrogatories sought relevant information "and ACEO must respond to them." [160]. It is obvious and beyond any debate that the reference to ACEO was a clerical error, and that the order was intended to refer to Alliance. After all, the order entered a month earlier had made specific reference to ACEO's bankruptcy and the impermissibility of directing an order to ACEO in light of the pending bankruptcy. Nonetheless, counsel for Alliance appeared today and informed the court that his client had not complied with the order because it referred to ACEO. GOTCHA.

Mistakes are inherent in the human condition. All judges make them, as Judge Posner has acknowledged, *Fujisawa Pharmaceutical Co., Ltd. v. Kapoor*, 115 F.3d 1332 (1997); *cf. Rodriguez*

v. *Chandler*, 492 F.3d 863 (7th Cir. 2007)(Easterbrook, J.)("Our original opinions' failure to keep these subjects distinct may have influenced the parties' briefing choices on appeal."), and as the Supreme Court has unhesitatingly acknowledged. *See Illinois v. Allen*, 397 U.S. 337, 346-347 (1970). But the law frowns on playing "gotcha" and relying on a blunder to gain an opportunistic advantage. *Cf. Architectural Metal Systems, Inc. v. Consolidated Systems, Inc.*, 58 F.3d 1227, 1231 (7th Cir.1995); *Market Street Associates; Packer Trading Co. v. CFTC*, 972 F.2d 144, 150 (7th Cir.1992); *Centex Construction v. James*, 374 F.2d 921, 923 (8th Cir.1967). Yet, that is exactly what Alliance has done in connection with the order to answer interrogatories.

Counsel for the plaintiff stated that he had an exchange of letters with Alliance's counsel regarding what both understood to be an obvious clerical error in the 3/11/10 minute order. Both understood that that error did not relieve Alliance of complying with its obligations. *Cf. United States v. Blinn*, 490 F.3d 586 (7th Cir. 2007) (mistake/scrivener's error did not make plea agreement ambiguous). Alliance has refused to comply with my order in open court and with the order that it answer the interrogatories, contending that it was not named in the order and thus had no obligation to answer the interrogatories directed to it.

All parties in litigation have an obligation to participate fairly in discovery. *See* Rule 37, Federal Rules of Civil Procedure; *Harrington v. City of Chicago*, 433 F.3d 542 (7th Cir.2006); *Zenith Electronics Corp. v. WH-TV Broadcasting Corp.*, 395 F.3d 416 (7th Cir.2005); *Newman v. Metropolitan Pier & Exposition Authority*, 962 F.2d 589 (7th Cir.1992); *Newman v. Metropolitan Pier & Exposition Authority*, 962 F.2d 589 (7th Cir.1992); *Airtex Corp. v. Shelley Radiant Ceiling Co.*, 536 F.2d 145, 155 (7th Cir. 1976); *Sentis Group, Inc., v. Shell Oil Co*, 559 F.3d 888, 891 (8th

Cir. 2009). Alliance's response to my order of March 10th is indefensible and makes a mockery out of these obligations.

Inexplicably, neither parties' counsel alerted the court to the obvious error in the minute order. Instead, they went back and forth through an otiose exchange of correspondence. The upshot is that 2 months have passed with further delays by Alliance, which, if the plaintiff is right, has sought to thwart discovery at every turn. The fact remains that Alliance has chosen to ignore what it was ordered to do by taking advantage of an obvious mistake. Police officers cannot take advantage of a magistrate's obvious mistake in a Fourth Amendment context, *Groh v. Ramirez*, 540 U.S. 551 (2004), and neither can a party in a judicial proceeding.

Alliance's counsel had an ethical obligation to call the obvious mistake to his client's attention. *Cf., Morning Star Packing Co., L.P. v. Crown Cork & Seal Co. (USA), Inc.*, 303 Fed.Appx. 399, 407, 2008 WL 5169408, 6 (9th Cir. 2008). Mr. O'Connor has assured the court that he did so, and I am confident he did. What advice Alliance may have gotten from Texas counsel, who is appearing in this court *pro hac vice,* is unclear.[1] What is not unclear is that Alliance chose to ignore what was obvious even without its Chicago lawyer's advice and not to answer the interrogatories it was ordered to answer. Alliance's obligation is a continuing one, and Alliance has acted at its peril in refusing to answer the interrogatories.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 4/16/10

---

[1] If Alliance was instructed by Texas counsel to ignore the March order, it would raise serious questions as to whether it should be allowed to continue to appear in this case.

3