**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LM INSURANCE CORP., | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 c 2372 |
| | ) | |
| v. | ) | Judge Nordberg |
| | ) | |
| ACEO, INC., et al., | ) | Magistrate Judge Cole |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On January 13, 2011, the plaintiff took the deposition of Natalie Finke, an employee of the Defendants. At the deposition, Ms. Finke testified that she thought that "an individual broker" received "return" (i.e., kickback) to which he was not entitled, and she "definitely" thought that there may have been "improprieties to not disclose." Ms. Finke testified that the kickback would have come from "one individual broker" that Mr. Taylor – the apparent recipient of the kickback – that Mr. Taylor was assigned to. When asked to name that person to whom she had referred, she said "I don't want to use the name. I can't do that." At that point, Mr. O'Connor objected that the question called for speculation "unless she has, you know, clear information on this." This was the kind of coaching the Federal Rules of Civil Procedure do not allow. She was again asked for the name, if she had one. She did not say that she did not have a name in mind or that her prior testimony about a particular broker was somehow inaccurate.

Instead of allowing the witness to answer the question, Mr. O'Connor informed the examiner that he would confer with his client and immediately left the deposition room with Ms. Finke. No explanation or justification was even attempted by Mr. O'Connor. This was improper. Because a deposition generally proceeds as at trial, courts have held that once a deposition starts, counsel has

no right to confer during the deposition, with perhaps one narrow exception, which is not applicable here and which Mr. O'Connor never sought to invoke as the basis for the conference. *See e.g., BNSF Ry. Co. v. San Joaquin Valley R. Co.*, 2009 WL 3872043, 3 (E.D.Cal. 2009); *Plaisted v. Geisinger Medical* Center, 210 F.R.D. 527 (M.D.Pa. 2002)(improper for counsel to leave the deposition to confer with his client); *Cordova v. United States*, 2006 WL 4109659 (D.N.M. 2006)(improper for counsel to engage in off-the-record conference with witness during pending questions); *McDonough v. Keniston*, 188 F.R.D. 22, 23 (D.N.H. 1998). They were gone for almost a half hour. (*See* Motion to Compel, Ex. A). When the question was asked again, Mr. O'Connor asked the examiner to "suspend this line of questioning regarding this issue until later in the deposition so that I can speak to my client and his personal counsel regarding testimony thus far." (Ex. A at 31).

Counsel for the plaintiff said that he intended on asking the question again. Before he could even do so, Ms. Finke chimed in, "I feel I was speculating, I don't feel I was – I don't feel what I said was correct." She then volunteered, "I was speculating"... "I mean, I don't have any hard evidence." She then repeated that same line. (Ex. A at 32). When asked again for the name of the person to whom she had referred in her earlier answers, she said "I don't have any hard evidence, and I misspoke." She conceded that she had "a few brokers in mind," but she had "speculated. I saw no hard evidence of anything."

When asked again for the name, she refused, taking her cue from Mr. O'Connor's argument that the question called for speculation: she said she would not answer, "because I was speculating. I absolutely saw no –" Before she could continue, Mr. O'Connor instructed her not to say anything else. Counsel for the plaintiff asked that O'Connor not cut off the witness while she was testifying.

2

Ms. Finke conceded that it certainly looked "kind of odd" for the sudden switch in her testimony coming as it did on the heels of her conference with Mr. O'Connor. But denied that it was because of instructions from O'Connor. Stymied, counsel for the plaintiff was forced to move on. When attempts to resolve the impasse with Mr. O'Connor were unavailing, the plaintiff filed the instant motion to compel.

The conduct reflected on the record of the deposition is indefensible. Even Mr. O'Connor's stand-in at the motion today, while attempting to defend what occurred and denying that there was any impropriety, because "he knows Mr. O'Connor," conceded that it was difficult to try to defend what had occurred. Of course, overt instructions to a witness not to answer a question are improper absent a claim of privilege. *See Redwood v. Dobson*, 476 F.3d 462, 468 (7th Cir. 2007). What occurred here is worse. Ms. Finke's testimony was clear and unequivocal. She had someone in mind who she believed may have taken a kickback. The examiner was entitled to know who that person was. Whether she was mistaken or not is quite beside the point, and Mr. O'Connor's and Ms. Finke's insistence that she was excused from answering because *she* did not have "hard evidence" is beside the point and no competent lawyer could have thought otherwise. Subtle evasions of this prohibition are equally forbidden. And coaching a witness during the deposition is prohibited. *See e.g., Woods v. Ramsey*, 199 F.3d 437 (5th Cir. 1999); *Lee v. Wal-Mart Stores, Inc.*, 2011 WL 796784 (E.D.Va. 2011).

But the most disturbing aspect of what occurred is Mr. O'Connor's interruption during a critical point in the questioning and deciding that he and his client were going to confer outside the deposition room. No explanation was given for this behavior and none is apparent beyond an attempt to prevent Ms. Finke from identifying the person whom she though may have been involved

3

in a kickback and to whom she had referenced in her earlier answers. The ensuing conference lasted for almost a half hour. Not surprisingly, when the deposition resumed, Ms. Finke's testimony underwent a radical change. "The mind of justice, not merely its eyes, would have to be blind to attribute such an occurrence to mere fortuity."*Avery v. Georgia*, 345 U.S. 559, 564 (1953) (Frankfurter, J., concurring). .

The question now is what is to be done. The first thing, of course, is to resume the deposition under judicial supervision. That will occur in my courtroom as soon as a date is arranged with Ms. Finke. But it must occur within 14 days. Second, the obvious question is whether there is a privilege that may be asserted at the continued deposition regarding what Mr. O'Connor told Ms. Finke about the particular question that are the subject of the instant motion. If Mr. O'Connor's efforts were designed to prevent disclosure of relevant information by causing the witness not to answer the rather simple questions being posed to her and to give a pretextual reason for not doing so, there may be no attorney-client privilege that can be asserted. The crime-fraud exception may apply. Some courts have held that in circumstances like this, the discussion is not covered by the attorney-client privilege at all, and that the deposing attorney is entitled to inquire about the content thereof. *Plaisted,* 210 F.R.D. at 535.

At a minimum, an *in camera* conference with Ms. Finke and her lawyer is in order. *Chassen v. Fidelity Nat. Financial, Inc.*, 2011 WL 723128, 1 (D.N.J. 2011)("Since improper coaching of a deponent during a short deposition break may undermine the truthfulness of the deposition testimony, the questioning of Ms. Hoffman as ordered by Magistrate Judge Salas is appropriate."). That will occur on the record at a date to be scheduled. Whether there will be a need for further action need not now be determined.

DATE: 7/7/11

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE