**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LM INSURANCE CORP., | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 2372 |
| | ) | |
| v. | ) | Judge Nordberg |
| | ) | |
| ACEO, INC., et al., | ) | Magistrate Judge Cole |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On January 13, 2011, the plaintiff took the deposition of Natalie Finke, an employee of the Defendants. At the deposition, Ms. Finke testified that she thought that "an individual broker" received "return" (i.e., kickback) to which he was not entitled, and she "definitely" thought that there may have been "improprieties to not disclose." Ms. Finke testified that the kickback would have come from "one individual broker" that Mr. Taylor – the apparent recipient of the kickback – that Mr. Taylor was assigned to. When asked to name that person to whom she had referred, she said "I don't want to use the name. I can't do that." At that point, Mr. O'Connor objected that the question called for speculation "unless she has, you know, clear information on this." This was the kind of coaching the Federal Rules of Civil Procedure do not allow. She was again asked for the name, if she had one. She did not say that she did not have a name in mind or that her prior testimony about a particular broker was somehow inaccurate.

Instead of allowing the witness to answer the question, Mr. O'Connor interrupted and informed the examiner that he wanted to confer with his client and immediately left the deposition room with Ms. Finke. No explanation or justification was even attempted by Mr. O'Connor. This was improper. Because a deposition generally proceeds as at trial, Rule 30(c)(1), Federal Rules of

Civil Procedure, courts have uniformly held that once a deposition starts, counsel has no right to confer during the deposition, with perhaps one narrow exception, which is not applicable here and which Mr. O'Connor never sought to invoke as the basis for the conference. *See e.g., BNSF Ry. Co. v. San Joaquin Valley R. Co.*, 2009 WL 3872043, 3 (E.D.Cal. 2009); *Cordova v. United States*, 2006 WL 4109659 (D.N.M. 2006)(improper for counsel to engage in off-the-record conference with witness during pending questions); *Plaisted v. Geisinger Medical* Center, 210 F.R.D. 527 (M.D.Pa. 2002)(improper for counsel to leave the deposition to confer with his client)*; Morales v. Zondo, Inc*. 204 F.R.D. 50, 53 (S.D.N.Y.2001); *McDonough v. Keniston*, 188 F.R.D. 22, 23 (D.N.H. 1998). *See also,* 7 James Wm. Moore et al., *Moore's Federal Practice* ¶ 30.42[2] (3d ed.1997).

The conference lasted almost a half hour. (*See* Motion to Compel, Ex. A). In the dialogue that followed with the examiner, Mr. O'Connor apologized for the length of the interruption but said pointedly that if he felt it necessary he would again interrupt the deposition to have further conferences with his client. When the question about the identity of the person whom Ms. Finke had in mind in her earlier testimony was asked again, Mr. O'Connor asked the examiner to "suspend this line of questioning regarding this issue until later in the deposition so that I can speak to my client and his personal counsel regarding testimony thus far." (Ex. A at 31). Counsel for the plaintiff said that he intended on asking the question again.

Before he could even do so, Ms. Finke chimed in, "I feel I was speculating, I don't feel I was – I don't feel what I said was correct." She then volunteered, "I was speculating"... "I mean, I don't have any hard evidence." She then repeated that same line. (Ex. A at 32). When asked again for the name of the person to whom she had referred in her earlier answers, she said "I don't have any hard evidence, and I misspoke." She conceded that she had "a few brokers in mind," but

2

she had "speculated. I saw no hard evidence of anything."

When asked again for the name, she refused, taking her cue from Mr. O'Connor's argument that the question called for speculation and seemingly from what occurred at the improper conference convened by Mr. O'Connor, she said she would not answer, "because I was speculating. I absolutely saw no–" Before she could continue, Mr. O'Connor instructed her not to say anything else. Counsel for the plaintiff asked that O'Connor not cut off the witness while she was testifying. Ms. Finke conceded that it certainly looked "kind of odd" for the sudden switch in her testimony coming as it did on the heels of her conference with Mr. O'Connor, but denied that it was because of instructions from O'Connor. Stymied, counsel for the plaintiff was forced to move on. When attempts to resolve the impasse with Mr. O'Connor were unavailing, the plaintiff filed the instant motion to compel.

The conduct reflected on the record of the deposition is indefensible under Rule 30, Federal Rules of Civil Procedure. Even Mr. O'Connor's stand-in at the motion to compel, while attempting to defend what occurred and denying that there was any impropriety, because "he knows Mr. O'Connor," conceded that it was difficult to try to defend what had occurred. Of course, overt instructions to a witness not to answer a question are improper absent a claim of privilege, *Redwood v. Dobson*, 476 F.3d 462, 468 (7th Cir. 2007); Rule 30 (c)(2), and coaching a witness during the deposition is equally prohibited – *see e.g., Woods v. Ramsey*, 199 F.3d 437 (5th Cir. 1999); *Lee v. Wal-Mart Stores, Inc.*, 2011 WL 796784 (E.D.Va. 2011); Rule 30 (c)(2)(Objections are to be stated "concisely and in a nonargumentative and nonsuggestive manner") – although this sort of conduct continues to be prevalent in depositions.

3

The most disturbing aspect of O'Connor's interruption during a critical point in the questioning of Ms. Finke is what occurred after the deposition resumed. Ms. Finke had been prepared to name the person whom she at least believed may have been involved in the impropriety that was the subject of the questioning. Following Mr. O'Connor's almost half-hour conference with Ms. Finke, her testimony underwent a radical change. That it did, certainly appears to be attributable to Mr. O'Connor's efforts. What Justice Frankfurter said in *Avery v. Georgia*, 345 U.S. 559, 564 (1953) (Frankfurter, J., concurring) seems to apply perfectly here: "The mind of justice, not merely its eyes, would have to be blind to attribute such an occurrence to mere fortuity." *See also United States v. Rodriguez*, 975 F.2d 404 (7th Cir. 1992); *Coggeshall v. United States,* 69 U.S. 383 (1865).

The question now is what is to be done. The first thing, of course, is to resume the deposition under judicial supervision. That will occur in my courtroom as soon as a date is arranged with Ms. Finke. But it must occur within 14 days. Second, the obvious question is whether there is a privilege that may be asserted at the continued deposition regarding what Mr. O'Connor told Ms. Finke about the particular questions that are the subject of the instant motion. If Mr. O'Connor's efforts were designed to prevent disclosure of relevant information by causing the witness not to answer the rather simple questions being posed to her and to give a pretextual reason for not doing so, there may be no attorney-client privilege that can be asserted. The crime-fraud exception would then apply. Some courts have held that in circumstances like this, the discussion is not covered by the attorney-client privilege at all, and that the deposing attorney is entitled to inquire about the content thereof. *Plaisted,* 210 F.R.D. at 535. In any event, Ms. Finke, the holder of the privilege, may well have waived any attorney-client privilege she had by answering the

4

question whether her *volte face* was the result of her half-hour long discussion with Mr. O'Connor.

At a minimum, an *in camera* conference with Ms. Finke is in order. *Chassen v. Fidelity Nat. Financial, Inc.*, 2011 WL 723128, 1 (D.N.J. 2011)("Since improper coaching of a deponent during a short deposition break may undermine the truthfulness of the deposition testimony, the questioning of Ms. Hoffman as ordered by Magistrate Judge Salas is appropriate."). That will occur on the record at a date to be scheduled. The very serious question exists as to whether Ms. Finke can be represented at that *in camera* proceeding by Mr. O'Connor or any member of his firm. Given the nature of the inquiry and the potential consequences to counsel, it would seem that Mr. O'Connor and his firm have a conflict of interest and ought not to be allowed to act as counsel in that proceeding. Of course, Ms. Finke can be represented by other counsel who do not have an actual or potential conflict of interest. Whether there will be a need for further action need not now be determined.

ENTERED: /s/ Jeffrey Cole
UNITED STATES MAGISTRATE JUDGE

DATE: 7/21/11

5